CLEVE GOODNITE AND WIFE, ELSIE LEE GOODNITE; CHARLIE D. VANN, GENE K. UNDERWOOD AND WIFE, JOY ANN W. UNDERWOOD; AUGUSTA JOY WARREN; MARGARET ZILPHIA KORNEGAY AND RUTH HARVEY NESTER v. NORWARD LEAMON GURLEY AND WIFE, BETTIE PRICE GURLEY

No. 784SC421

(Filed 20 February 1979)

**Deeds § 20.1— subdivision lots—restrictions as to business activities—restrictions not included in deeds—conveyances free of encumbrances**

Where the original owners of land in a subdivision recorded a "contract . . . with all future purchasers of lots in the . . . subdivision to place Protectibe [sic] Covenants in all future deeds of covenance [sic]," one of the covenants being that the lots would be used exclusively for residential purposes, but the original owners did not insert the restrictions into the deeds they gave their purchasers, the lots were in fact conveyed free and clear of all encumbrances.

APPEAL by plaintiffs and cross-appeal by defendants from *Browning, Judge.* Judgment entered 13 December 1977, amended judgment entered 6 April 1978 in Superior Court, SAMPSON County. Heard in the Court of Appeals 8 February 1979.

Both plaintiffs and defendants are the owners of lots in the Wilson Subdivision of Clinton, North Carolina. Plaintiffs allege that defendants' operation of a day care center on their property violates a restrictive covenant, and they seek to have operation of the business enjoined. Defendants by their answer deny that a restrictive covenant applies to their land, and argue in the alternative that if it does, plaintiffs have waived their right to object.

The action was heard on exhibits and the facts stipulated by the parties: (1) The Wilsons were the original owners of the subdivision land. In 1948 the Wilsons recorded a document which allegedly placed restrictive covenants on the land. (2) In 1953 the central portion of the subdivision, consisting of 23 of the original 57 lots, was conveyed to the School Administration, which erected an elementary school there. In the same year four lots were conveyed for church purposes, and church and Sunday School buildings were constructed upon them. Alleged releases from restrictive covenants were given for both of these conveyances. (3) Highway 701, which is adjacent to both plaintiffs' and defendants' property, was a two-lane highway in 1948; it is now a five-

lane boulevard. (4) As of the institution of this action a chain link fence business was being operated from a dwelling house in the subdivision, but the business had terminated before this action came to trial. The trial court also visited the area and noted that the pond in the subdivision was being filled with rubbish, which created an unsightly area.

The court made findings of fact and concluded that while a restrictive covenant did apply to the land, it would be inequitable to enforce the restriction due to a fundamental change in the character of the subdivision. Plaintiffs' action was dismissed, and they appeal. Defendants cross-appeal.

*Chambliss, Paderick, Warrick & Johnson, by Joseph B. Chambliss, for plaintiff appellants.*

*Dees, Dees, Smith, Powell & Jarrett, by John W. Dees, for defendant appellees.*

ARNOLD, Judge.

By their cross-appeal defendants assign error to the trial court's ruling that a restrictive covenant exists and applies to their land. In 1948 the Wilsons recorded a "contract . . . with all future purchasers of lots in the R. L. Wilson subdivision to place Protectibe [sic] Covenants in all future deeds of convenance [sic]." Among the covenants enumerated in the "contract" was the covenant that the lots "shall be used exclusively for residential purposes, and not for business, manufacturing or commercial purposes." The trial court found as fact:

> That R. L. Wilson and wife, Zannie Wilson, made numerous conveyances of lots in the R. L. Wilson Subdivision and other areas embraced in the three tracts of land described in the purported covenant to future purchasers. . . . Each and every one of said conveyances included a warranty that the conveyed premises were 'free and clear from all encumbrances' and no reference was made in said conveyances to the instrument which purports to be a covenant to future purchasers. . . . None of the instruments in the chain of title of the defendants to their lot and their tract of land make reference to said purported covenant to future purchasers.

In its original judgment the court did not determine whether the recorded document placed restrictions on the land, saying "even if said purported covenants with future purchasers were determined to be valid restrictions on the use of the lands in the R. L. Wilson Subdivision, they are unenforceable." In its amended judgment four months later the trial court, "deem[ing] it necessary to amend its judgment in this action in order that all issues presented to the Court might be determined," held:

> That the paper writing dated September 17, 1948, executed by R. L. Wilson and wife, Zannie Wilson, recorded in Book 556, at Page 412, Sampson County Registry, is determined to be a contract and agreement with all future purchasers of lots in the R. L. Wilson Subdivision and its effect is to place protective covenants in all future deeds of conveyance from the three tracts of land described in said instrument.

Defendants argue that the failure of the Wilsons to insert the restrictions into the deeds they gave their purchasers resulted in the conveyance of the lots free and clear of all encumbrances. We find that defendants' argument is correct. The language of the 1948 recorded document says simply that the Wilsons "agree to place" certain specified protective covenants in all future deeds. This they did not do; instead, the deeds from the Wilsons to the predecessors in title of the parties specified that the land was conveyed "free and clear from all encumbrances." As our Supreme Court has noted, "[r]estrictive covenants are not favored. . . . The courts are not inclined to put restrictions in deeds where the parties left them out." *Hege v. Sellers*, 241 N.C. 240, 249, 84 S.E. 2d 892, 898-99 (1954). We hold that the document recorded by the Wilsons in 1948 placed no restrictive covenants upon the subdivision land.

Plaintiffs' appeal contests the finding and conclusion by the trial court that a fundamental change had occurred in the character of the subdivision. We would agree with plaintiffs' position that the uses of the property essentially have been in keeping with the residential character of the neighborhood, but since we find that no restrictive covenants have been placed upon this subdivision it is unnecessary for us to address this question.

---

**Miller v. Motors, Inc.**

---

Reversed and remanded.

Judges PARKER and WEBB concur.